IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ZEPHYR FLUID SOLUTIONS, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-cv-00475-SRF |
| | ) |
| SCHOLLE IPN PACKAGING, INC. | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION[1]

### I.  INTRODUCTION

Presently before the court in this breach of contract case are two motions: (1) Scholle IPN Packaging, Inc.'s ("Defendant") Motion to Dismiss for lack of personal jurisdiction and improper venue, and/or Transfer ("Motion to Dismiss")[2] and (2) Zephyr Fluid Solutions, LLC's ("Plaintiff") Motion to Compel Arbitration and Stay Proceedings ("Motion to Compel Arbitration").[3]  (D.I. 10; D.I. 20)  For the following reasons, the court GRANTS Plaintiff's Motion to Compel Arbitration and Stay Proceedings and DENIES without prejudice Defendant's Motion to Dismiss.

### II.  BACKGROUND

Plaintiff is a limited liability company, whose members are citizens of Connecticut and New York.  (D.I. 1 at ¶ 7; D.I. 3; D.I. 6)  Defendant is a Nevada corporation with its principal

---

[1] Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties consented to the jurisdiction of a magistrate judge to conduct all proceedings in this matter through final judgment, and the case was assigned to the undersigned judicial officer on December 6, 2022. (D.I. 33)
[2] The briefing for the Motion to Dismiss is as follows: Defendant's opening brief (D.I. 11), Plaintiff's answering brief (D.I. 23), and Defendant's reply brief (D.I. 25).
[3] The briefing for the Motion to Compel Arbitration is as follows: Plaintiff's opening brief (D.I. 21), Defendant's answering brief (D.I. 28), and Plaintiff's reply (D.I. 29).

place of business in Northlake, Illinois. (D.I. 1 at ¶ 8)

The parties negotiated a contract in which Plaintiff served as the Defendant's exclusive sales representative to promote and solicit sales of Defendant's water bags and equipment to certain customers from Plaintiff's contacts in the beverage industry. (*Id.* at ¶¶ 2, 22) On October 31, 2018, the parties entered into a Sales Representative Agreement ("Agreement"). (*Id.* at ¶ 1)

The Agreement has a Delaware choice of law provision. (*Id.* at ¶ 24; *see* D.I. 13 at § 15.10) The Agreement also contains an arbitration provision which states:

> In the event of any dispute between the parties hereto concerning or relating to this agreement, upon request of either party, the parties agree to submit the dispute to binding arbitration in the State of Delaware, in accordance with the rules of the American Arbitration Association.

(*Id.*)

In an amendment on September 15, 2020, the parties extended the Agreement's minimum performance period from two years to three years. (D.I. 1 at ¶ 25) Plaintiff alleges that beginning in May of 2021, Defendant materially breached the Agreement by its failure to respond to Plaintiff's requests for product samples, failure to provide necessary documentation of sales activity, and failure to submit its payments on time. (*See e.g., id.* at ¶¶ 30–37)

On April 13, 2022, Plaintiff filed the instant Complaint alleging breach of contract (Count I) and breach of the implied covenant of good faith and fair dealing (Count II). (*Id.* at ¶¶ 102–113) No allegations about the arbitration agreement appear in the Complaint. (*See* D.I. 1) On June 1, 2022, Defendant filed its Motion to Dismiss. (D.I. 10) On June 10, 2022, Plaintiff sent the Defendant a written request for arbitration pursuant to section 15.10 of the Agreement. (D.I. 22, Ex. A)

On July 13, 2022, Defendant filed a mirror image Complaint in the Northern District of Illinois ("Illinois Action") alleging breach of contract.[4] (No. 22-3637, D.I. 1) On August 8, 2022, Plaintiff filed the present Motion to Compel Arbitration and, in the Illinois Action, moved to stay the case due to the Motions pending in this court. (respectively, D.I. 20; No. 22-3637, D.I. 11) On January 11, 2023, the court in the Illinois Action granted Plaintiff's Motion to Stay Proceedings pending this court's decision on the Motions. (No. 22-3637, D.I. 18)

## III. LEGAL STANDARD

This dispute concerns an arbitration agreement in an interstate commercial contract, so it is governed by the Federal Arbitration Act ("FAA"). *See Trippe Mfg. Co. v. Niles Audio Corp.*, 401 F.3d 529, 532 (3d Cir. 2005). The FAA provides that written agreements to arbitrate disputes "shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. Pursuant to the FAA, the court should stay an action and compel arbitration when, in a pending suit, "any issue [is] referable to arbitration." 9 U.S.C. §§ 3, 4. A district court also has discretion to dismiss an action if all the issues raised are arbitrable and must be submitted to arbitration. *See BAE Sys. Aircraft Controls, Inc. v. Eclipse Aviation Corp.*, 224 F.R.D. 581, 585 (D. Del. 2004). The answer to the question of whether a party invoking the arbitration clause waived its right to arbitrate is necessarily case specific, and thus, depends on the circumstances and context of each case. *Gray Holdco, Inc. v. Cassady*, 654 F.3d 444, 451 (3d Cir. 2011).

## IV. DISCUSSION

Defendant does not dispute that had the arbitration agreement not been waived, this court has jurisdiction to compel arbitration or enforce an arbitration award. (D.I. 25 at 3) *See IMEG*

---

[4] *Scholle IPN Packaging, Inc. v. Zephyr Fluid Solutions, LLC*, No. 22-3637 (N.D. Ill. July 13, 2022).

3

*Corp. v. Patel*, No. 20-111-CFC, 2021 WL 184407, at *7 (D. Del. Jan. 19, 2021) (noting that "when a party consents to arbitration in a particular forum it necessarily consents to personal jurisdiction in the district court of that forum" for purposes of litigating disputes related to the arbitration agreement); *HealthplanCRM, LCC v. AvMed, Inc.*, 458 F. Supp. 3d 308, 320 (W.D. Pa. 2020) (stating that an agreement to arbitrate all disputes in a specific venue "implies consent to the jurisdiction of the corresponding district court[,] though only for all cases arising out of the parties' arbitration, such as a motion to compel arbitration and/or to enforce an arbitration award"). Therefore, this court has jurisdiction over the pending Motion to Compel Arbitration.

### A.   Plaintiff Did Not Waive Its Right to Arbitrate

The question before the court is whether the Plaintiff knowingly relinquished the right to arbitrate by acting inconsistently with that right. *See Zenon v. Dover Downs, Inc.*, No. 21-1194-RGA, 2022 WL 2304118 (D. Del. June 27, 2022). *Zenon* explained the change in the legal standard for determining whether assertion of a contractual arbitration agreement is waived. Prior to the Supreme Court's ruling in *Morgan v. Sundance*, 142 S. Ct. 1708 (2022), the District Court followed the Third Circuit's test in *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912 (3d Cir. 1992), which assesses whether sufficient prejudice exists to support a finding that the right to arbitrate has been waived.[5]

In *Sundance*, the Supreme Court eliminated consideration of prejudice and held that a court may not impose a more exacting standard for waiver of the right to enforce an arbitration

---

[5] The six nonexclusive factors the Third Circuit identified in *Hoxworth* to guide the prejudice inquiry are: (1) timeliness or lack thereof of the motion to arbitrate; (2) the degree to which the party seeking arbitration has contested the merits of its opponent's claims; (3) whether the party seeking arbitration informed its adversary of its intent to pursue arbitration prior to filing to enjoin the court proceedings; (4) the extent to which a party seeking arbitration engaged in non-merits motion practice; (5) the party's assent to the court's pretrial orders; and (6) the extent to which the parties have engaged in discovery. *Hoxworth*, 980 F.2d at 926–27.

4

agreement than it imposes for waiver of any other contractual right. 142 S. Ct. at 1712–13. The Court ruled, "Section 6 [of the Federal Arbitration Act] instructs that prejudice is not a condition of finding that a party, by litigating too long, waived its right to stay litigation or compel arbitration under the FAA." *Id.* at 1714. Instead, the proper waiver inquiry focuses on whether the party asserting arbitration "knowingly relinquish[ed] the right to arbitrate by acting inconsistently with that right." *Id.*

*Zenon* involved consideration of whether the defendant employer in a discrimination case had waived its right to assert an arbitration provision in the employment agreement. 2022 WL 2304118, at *1–2. In finding that the right had not been waived, the court took into consideration that the defendant's motion to compel arbitration was the first substantive motion in the case, it was filed within six months of the commencement of the suit, and, other than serving Initial Disclosures, the parties had not commenced discovery. *Id.* at *2. Therefore, the court ruled that the defendant's actions did not evince an intent to "knowingly relinquish the right to arbitrate by acting inconsistently with that right." *Id.*

Likewise, here, Plaintiff's Motion to Compel Arbitration was filed roughly two months following Defendant's Motion to Dismiss, and almost one month after Defendant filed a mirror image suit in the Northern District of Illinois. (*See* D.I. 10; D.I. 20; No. 22-3637, D.I. 1) In addition, Plaintiff's Motion to Compel Arbitration was filed within four months of the commencement of this suit, and the parties have not engaged in any discovery nor have they filed their Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). (*See* D.I. 1) *See also E. Hedinger AG v. Brainwave Sci., LLC*, 363 F. Supp. 3d 499, 507 (D. Del. 2019) (concluding that the defendant did not waive the right to arbitrate based on the fact that the case

5

was in the early stages and no discovery had occurred).

Contrary to Defendant's argument, the case authorities on which Defendant relies do not stand for the proposition that a party waives arbitration by the act of filing a complaint alone nor are they binding precedent on this court. (D.I. 28 at 2–3). *See Stoltz Realty Co. v. Raphael*, 458 A.2d 21 (Del. 1983); *SATCOM Int'l Grp. PLC v. ORBCOMM Int'l Partners, L.P.*, 49 F. Supp. 2d 331 (S.D.N.Y.), *aff'd*, 205 F.3d 1324 (2d Cir. 1999).

In *Stoltz Realty Co.*, the Delaware Supreme Court affirmed summary judgment for the defendants following resolution of the dispute through voluntary arbitration as there was no contractual arbitration agreement in issue. 458 A.2d at 21–22. The Delaware Supreme Court found the plaintiff "had voluntarily waived its right to pursue the [defendants] and can not [sic] now revive it, having lost the claim at arbitration." *Id.* at 23. In *SATCOM*, the court found that under the agreement in dispute the plaintiff could have pursued arbitration and at the same time brought an injunctive action to maintain the status quo pending completion of arbitration. 49 F. Supp. 2d at 338. Instead, the plaintiff chose to litigate the merits and, having made that choice, it had no right under the agreement to abandon the litigation and start afresh with arbitration. *Id.*

Similar circumstances are not present in the pending case. Here, the case is in its early stages. There has been no discovery and the Motions that have been briefed do not address the merits, rather, they concern jurisdiction and the proper forum for an adjudication of the merits. Therefore, the court finds that the Plaintiff's actions do not demonstrate an intent to "knowingly relinquish the right to arbitrate by acting inconsistently with that right." *Zenon*, 2022 WL 2304118, at *2.

### B. The 'No Waiver' Clause

The Agreement contains a 'no waiver' clause in section 15.3 that states as follows:

> The failure of either party hereto to enforce at any time any of the provisions, rights or obligations of this Agreement shall not be considered a waiver of such provisions, rights or obligations.

(D.I. 13)

Defendant argues that the court should not enforce the 'no waiver' clause in the Agreement and relies for support on the Third Circuit's decision in *Gray Holdco, Inc.*, 654 F.3d at 452, which holds that a waiver analysis must still be undertaken by the court notwithstanding the inclusion of the 'no waiver' provision in the contract. (D.I. 28 at 9)

In *Gray Holdco, Inc.*, the parties' arbitration agreement contained a 'no waiver' provision that allowed either party to seek injunctive or equitable relief from the court until the completion of the arbitration or until the case was otherwise resolved. 654 F.3d at 452. The court found that the provision did not act as a "shield" against waiver nor did it alter the ordinary analysis the court undertakes to determine if a party has waived an agreement to arbitrate. *Id.* At the time of the decision, the *Hoxworth* factors governed the analysis, so the Third Circuit applied them to the plaintiff's litigation conduct as a whole. *Id.* at 454–61. The court noted that the case had been "intensely litigated" by the plaintiff. *Id.* at 449. It found that from the time the plaintiff initiated the suit and for ten months thereafter until its arbitration demand, the plaintiff litigated in compliance with various case management orders of the District Court, participated in extensive discovery and status conferences, and demonstrated through its conduct that its plan was to proceed with the litigation. *Id.* at 461. The plaintiff changed course and demanded arbitration after obtaining new counsel. *Id.*

7

The court agrees that under *Gray Holdco, Inc.*, the inclusion of a 'no waiver' provision in the Agreement is not alone dispositive of whether Plaintiff's Motion to Compel Arbitration should be granted. The court has considered it along with Plaintiff's litigation conduct as a whole and finds for the reasons discussed, *supra*, that the Plaintiff's actions do not evince an intent to knowingly relinquish the right to arbitrate by acting inconsistently with that right.

## V. CONCLUSION

For the foregoing reasons, the court DENIES Defendant's Motion to Dismiss without prejudice (D.I. 10) and GRANTS Plaintiff's Motion to Compel Arbitration (D.I. 20). The case is STAYED pending the outcome of the arbitration.

The parties should submit to this court a status update on the progress of the arbitration no later than six (6) months from the date of this Memorandum Opinion.

The oral argument scheduled in this case for February 8, 2023, at 11AM is CANCELLED.

An Order consistent with this Memorandum Opinion shall issue.

Dated: February 7, 2023

Sherry R. Fallon
United States Magistrate Judge

8